### TANNENBAUM v. HORN.
No. 14993.

Court of Appeal of Louisiana. Orleans.
April 15, 1935.

John E. Jackson, of New Orleans, for appellant.

Henican & Carriere, of New Orleans, for appellee.

WESTERFIELD, Judge.

This is a suit by a lawyer for a fee. Plaintiff, David Tannenbaum, is a practicing attorney in the city of Los Angeles. Defendant, Sam Horn, is a business man in the city of New Orleans. In May, 1932, Fred Horn, the brother of the defendant, became involved in a certain criminal prosecution in the city of San Diego, Cal. It appears that Fred Horn issued several bad checks to hotel proprietors in San Diego and left one hotel, the Alexandria of Los Angeles, without troubling to pay his bill. He was discovered by a detective in Tia Juana, Mexico, where he had registered under an assumed name. The detective induced him to return to California, whereupon charges were made against him by the district attorney under a statute of California which denounces as a criminal offense the issuance of worthless checks and prescribes a penalty therefor. Following Fred Horn's arrest, he was incarcerated in the San Diego jail. When matters were in this situation Fred Horn telegraphed his brother, Sam Horn, of New Orleans, for assistance. Sam Horn consulted with Mr. Walter Barnett, a member of the local bar, who advised him to retain the services of the plaintiff, David Tannenbaum, a lawyer of standing at the California Bar. Mr. Tannenbaum was engaged by Sam Horn and held conferences in his office with Fred Horn and Maurice Horn, another brother, who lived in Los Angeles at the time. He telephoned the district attorney in San Diego, and, believing that the matter was of sufficient importance, left for that city and interviewed the district attorney, and also conferred with an officer called "the probation officer." As a result of his examination of the case, following the conference with public officials, Mr. Tannenbaum advised Fred Horn to enter a plea of guilty and file an ap-

plication for probation which was subsequently done, and Fred Horn ultimately relieved of his difficulties. In the meantime Fred Horn had engaged an attorney by the name of A. H. Weinberger who performed some services in connection with the case, but his employment cannot affect plaintiff's claim for compensation.

When the case was tried in the lower court the defendant contended that there had been an agreement limiting the fee of the plaintiff, Tannenbaum, to $50. In this court that contention is abandoned and it is conceded that the plaintiff's services were engaged; the sole question being the amount due him for services rendered. Tannenbaum claims $150 as a fee and $15 for expenses such as railroad fare, telegrams, telephone calls, etc.

There was judgment below as prayed for, and defendant has appealed.

 In estimating the value of a lawyer's services a number of factors must be taken into consideration. The ability of the attorney, the importance of the matter submitted to him, and the result accomplished are some of the considerations involved. It is true that the defendant in this case did not employ the plaintiff on his own account, but for his brother who, according to his testimony, had previously proven himself none too worthy of assistance, for Sam Horn had paid some $3,500 or $4,000 in order to relieve him from the consequences of similar escapades. Be that as it may, it can hardly be considered any concern of the plaintiff who acted with promptness and rendered efficient services with most fortunate results. The situation as he found it in San Diego might have resulted very seriously for Fred Horn who appears to have been on a protracted spree, indulging freely in gambling and drinking and obtaining money for his carousals by issuing checks on banks with which he had no account. The advice which Mr. Tannenbaum gave, seems to us, to have been valuable, and it certainly was effective in extricating defendant's brother from his dilemma.

There is some evidence in the record tending to show that a lesser amount than that which is now claimed had been demanded by plaintiff or by some one in his behalf. However, it clearly appears that these lesser figures were mentioned only in connection with an effort to compromise and were acceptable to plaintiff out of consideration for his friend in New Orleans, Mr. Barnett, who had recommended him for employment.

Our conclusion is that the fee claimed by plaintiff is reasonable, and that it should be allowed. There is no evidence to indicate that the expenses claimed are excessive and, consequently, they will also be allowed.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.

JANVIER, J., absent, takes no part.